UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE S. CASTLE, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>RESIDENTIAL CREDIT SOLUTIONS, INC., et al.,<br><br>   Defendants. | Case No. 15-cv-06203-JD<br><br>**ORDER DIRECTING PLAINTIFFS TO RE-FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 21 |

  Pro se plaintiffs Steve and Deborah Castle filed this action on December 29, 2015, alleging claims against three defendants, Residential Credit Solutions, Inc., Barrett, Daffin, Frappier, Treder & Weiss, LLP, and The Bank of New York Mellon, as trustee ("BNYM"). Dkt. No. 1. Specifically, plaintiffs allege that each defendant violated the Fair Debt Collection Practices Act (Counts I to III) and committed identity theft (Counts IV to VI), and BNYM violated the Truth in Lending Act (15 U.S.C. §§ 1635 and 1640, Count VII), in their handling of transactions related to plaintiffs' default on their mortgage. Dkt. No. 1; Dkt. No. 1-1 at 1-17. Plaintiffs also allege that the three defendants entered into and then breached a December 23, 2015 "license agreement," and as a result, owe the plaintiffs per diem liquidated damages of "2.46 ounces of gold" or "its equivalent in Bitcoin" since December 24, 2015. Dkt. No. 1-1 at 17-23.

  The Clerk of the Court issued summons on January 5, 2016 and the United States Marshal was charged with serving the summons because the plaintiffs are proceeding in forma pauperis. Dkt. Nos. 5-9. To date, there is no indication in the docket that defendants Residential Credit Solutions, Inc. or BNYM have been served. However, Barrett, Daffin, Frappier, Treder & Weiss, LLP ("BDFTW") moved to dismiss the complaint on January 26, 2016. Dkt. No. 11.

1     On February 12, 2016, Plaintiffs filed a request for leave to amend their Complaint under
2 "Rule 60(b) of the Federal Rules of Civil Procedure." Dkt. No. 21 at 1. That rule is not applicable
3 here, but under Rule 15(a)(1), plaintiffs "may amend [their] pleading once as a matter of course
4 within: (A) 21 days after serving it, or (B) … 21 days after service of a motion under Rule 12(b),
5 (e), or (f)." Plaintiffs' request to amend was filed on February 12, 2016, before Residential Credit
6 Solutions, Inc. and BNYM have responded to the Complaint, and only 17 days after BDFTW's
7 motion to dismiss was filed. Consequently, and in light of the plaintiffs' pro se status, the Court
8 will construe the plaintiffs' filing as a timely exercise of their one opportunity to amend the
9 Complaint as a matter of course.

10    For the clarity of the docket in this matter, the Court orders the plaintiffs to re-file their
11 "Proposed Complaint" (Dkt. Nos. 21-2, 21-3) as an Amended Complaint by March 2, 2016.
12 Defendant BDFTW will file a response by March 23, 2016. BDFTW's pending Motion to
13 Dismiss, Dkt. No. 11, is terminated without prejudice to renewing the arguments as necessary in
14 response to the Amended Complaint. Plaintiffs are advised that Federal Rule of Civil Procedure
15 4(m) may require the Court to dismiss claims against the other defendants if they are not served
16 within 90 days of the date the Amended Complaint is filed. The hearing and case management
17 conference set for Wednesday, March 30, 2016 are vacated.

18    **IT IS SO ORDERED.**

19 Dated: February 23, 2016

JAMES DONATO
United States District Judge