United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE S. CASTLE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>RESIDENTIAL CREDIT SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No. 15-cv-06203-JD<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 26 |

    Plaintiffs Steve and Deborah Castle, proceeding pro se, filed this action against Defendants Residential Credit Solutions, Inc., the law firm of Barrett, Daffin, Frappier, Treder &Weiss, LLP ("BDFTW"), and the Bank of New York Mellon as Trustee, on December 29, 2015. Dkt. No. 1. Magistrate Judge Sallie Kim granted leave for plaintiffs to proceed in forma pauperis and directed the U.S. Marshal to serve process on defendants. Dkt. Nos. 5, 7.

    After BDFTW filed a motion to dismiss the complaint on January 26, 2016, Dkt. No. 11, plaintiffs sought and obtained leave to amend the complaint. Dkt. Nos. 21, 23. BDFTW moved again to dismiss the amended complaint on March 15, 2016. Dkt. No. 26. Under Civil Local Rule 7-3, plaintiffs should have filed a response to the motion to dismiss by April 1, 2016. To date, plaintiffs have not responded.

    The Court orders plaintiffs to file either an opposition or a statement of non-opposition to defendants' Rule 12(b)(6) motion to dismiss (Dkt. No. 26) by Friday, May 13, 2016. The response must comply in all respects with the Federal Rules of Civil Procedure and the Court's Civil Local Rules, including Rules 7-3 to 7-5. Plaintiffs may wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information, is available online at: http://cand.uscourts.gov/proselitigants.

If plaintiffs fail to comply with this order, or any of the applicable procedural rules, or fail to file the opposition or statement of non-opposition by May 13, 2016, the Court may grant the pending motion to dismiss as unopposed or otherwise dismiss this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.")

If plaintiffs file a timely response to the motion to dismiss, defendant BDFTW may file a reply seven calendar days after that. The Court vacates the hearing scheduled for May 4, 2016, and denies BDFTW's motion to appear by telephone as moot. Dkt. No. 27. The Court reminds the parties that per the Court's standing order, telephonic appearances at motion hearings are only permitted in exceptional circumstances and with the Court's prior approval issued at least three court days before the appearance date. The geographic location of counsel's office, standing alone, does not amount to an exceptional circumstance.

**IT IS SO ORDERED.**

Dated: April 29, 2016

JAMES DONATO
United States District Judge