United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE S. CASTLE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>RESIDENTIAL CREDIT SOLUTIONS, INC., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-06203-JD<br><br>**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 28 |

　　　　Plaintiffs Steve and Deborah Castle, proceeding pro se, filed this action against Defendants Residential Credit Solutions, Inc., the law firm of Barrett, Daffin, Frappier, Treder &Weiss, LLP ("BDFTW"), and the Bank of New York Mellon as Trustee, on December 29, 2015. Dkt. No. 1. Magistrate Judge Sallie Kim granted leave for plaintiffs to proceed in forma pauperis and directed the U.S. Marshal to serve process on defendants. Dkt. Nos. 5, 7.

　　　　After BDFTW filed a motion to dismiss the complaint on January 26, 2016, Dkt. No. 11, plaintiffs sought and obtained leave to amend the complaint. Dkt. Nos. 21, 23. BDFTW moved again to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) on March 15, 2016. Dkt. No. 26. Under Civil Local Rule 7-3, plaintiffs should have filed a response to the motion to dismiss by April 1, 2016. On April 29, 2016, the Court ordered plaintiffs to file either an opposition or a statement of non-opposition to defendants' motion to dismiss by Friday, May 13, 2016. Dkt. No. 28. The Court specifically warned plaintiffs that if they failed to comply with the order, or failed to file the opposition or statement of non-opposition by May 13, 2016, the Court might grant the pending motion to dismiss as unopposed or otherwise dismiss this action for failure to prosecute.

Plaintiffs have not responded to the Court's order, and to date, have not filed a response to the motion to dismiss. Consequently, the Court dismisses the action for failure to prosecute.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to prosecute or to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "'In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.'" *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011) (quoting *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

Application of these factors here weighs in favor of dismissal. Plaintiffs have failed to respond to the Court's Order to Show Cause, or file a response to defendant's motion to dismiss, despite the Court's warning that the case might be dismissed for failure to prosecute. *See* Dkt. No. 28. For the first factor, "'[t]he public's interest in expeditious resolution of litigation always favors dismissal.'" *Espinosa*, 2011 WL 334209, at *1 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.") For the third factor, "'a presumption of prejudice arises from the plaintiff['s] failure to prosecute.'" *See Holland v. Farrow*, No. 14-CV-01349-JST, 2015 WL 1738394, at *1 (N.D. Cal. Apr. 6, 2015) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998)). Plaintiffs have done nothing at all to rebut that presumption, and so this factor weighs strongly in favor of dismissal. For the fourth factor, the Court effectively gave plaintiffs almost a month of extra time to respond to the motion and then issued an Order to Show Cause that gave them even more time and advised them that they faced dismissal for failing to respond. This satisfies the

requirement that the Court consider less drastic sanctions. *See Ferdik*, 963 F.2d at 1262. Although the fifth factor on the public policy favoring disposition of cases on their merits might weigh against dismissal, on its own, the cumulative weight of the other factors overrides it. *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

## CONCLUSION

Because four of the five relevant factors weigh in favor of dismissal, Court dismisses this case in its entirety without prejudice. The clerk will enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: May 17, 2016

JAMES DONATO
United States District Judge